**KENTUCKY BAR ASSOCIATION,
Movant**

v.

**David R. STEELE, Respondent.**

**No. 2009–SC–000246–KB.**

Supreme Court of Kentucky.

Oct. 29, 2009.

## OPINION AND ORDER

On April 29, 2009, the Kentucky Bar Association (KBA) moved this Court to enter an order directing David R. Steele, whose KBA member number is 88267 and whose bar roster address is 258 Suzanne Way, Florence, Kentucky, 41042, to show cause why he should not be subject to reciprocal discipline after being publicly censured by the Supreme Court of Tennessee. The KBA also requested that if such cause be lacking, this Court enter an order in accordance with SCR 3.435(4) publicly reprimanding Steele. On August 27, 2009, this Court granted the KBA's request and ordered Steele to show cause why he should not be subject to reciprocal discipline. Although Steele filed a response on September 17, 2009, his response failed to show adequate cause why he should not be subject to reciprocal discipline pursuant to SCR 3.435(4). Therefore, this Court grants the KBA's motion and orders that Steele be publicly reprimanded in this Commonwealth.

Steele was admitted to practice law in this Commonwealth on May 1, 2000. On February 25, 2009, the Board of Professional Responsibility of the Supreme Court of Tennessee issued a Public Censure against Steele for violating Rules of Professional Conduct (RPC) 7.6(b), 1.8(h), 1.7(a), 1.15(b), 1.5(c). The Board's sanction was based on Steele's conduct in retaining and representing Billy and Deloris Cadle, both of whom had personal injury automobile accident claims. During November 2005, Steele accepted a client-referral from RedSolve, an accident resolution company that was not an intermediary organization registered with the Tennessee Board of Professional Responsibility in violation of RPC 7.6(b). Steele required Billy and Deloris Cadle to sign a contract in which Steele prospectively limited his malpractice liability in violation of RPC 1.8(h). Even though both Billy and Deloris had separate claims, separate medical expenses, and separate settlements, Steele represented them both despite a potential conflict and distributed their settlement earnings with a single check in violation of RPC 1.7(a). In addition, Steele failed to safeguard the settlement, disbursing disputed funds in violation of RPC 1.15(b). Specifically, Steele paid the disputed portion of $4,200 to RedSolve, claiming that it was for subrogation claims to be paid by RedSolve.[1] Lastly, Steele did not prepare a written settlement disbursement letter explaining the outcome of the case, the remittance to the client, and the method of its determination in violation of RPC 1.5(c).

---

1. Steele has since reimbursed this $4,200 amount to his clients.

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to

impose the identical discipline unless Respondent proves by substantial evidence:

(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

(b) that misconduct established warrants substantially different discipline in this State.

Furthermore, SCR 3.435(5) requires this Court to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Here, four of the five rules Steele violated in Tennessee are nearly identical to the corresponding Rules of Professional Conduct in Kentucky. RPC 1.8(h) is codified in SCR 3.130–1.8(h), and RPC 1.7(a), 1.15(b) and 1.5(c) are identical to SCR 3.130–1.7(a), 1.15(b), and 1.5(c) respectively. Although the Kentucky Rules of Professional Conduct do not include a rule exactly like Tennessee's RPC 7.6(b), SCR 3.130–7.20(2) prohibits a lawyer from giving anything of value to a non-lawyer for recommending the lawyer's services, and SCR 3.130–3.4(c) prohibits a lawyer from "knowingly or intentionally disobey an obligation under the rules of a tribunal . . . ."[2]

In his response to this Court's show cause order, Steele contends that he should not be subjected to reciprocal discipline in this case because on October 9, 2007, two years before the Board of Professional Responsibility of the Supreme Court of Tennessee issued its Public Censure against Steele, the Inquiry Commission of the KBA ordered that Billy and Deloris Cadle's complaint filed against Steele in Kentucky be dismissed. Steele argues that the KBA should not subject him to discipline now because the Kentucky complaint was dismissed two years ago. However, as the KBA notes, the reason Steele's complaint was dismissed in Kentucky was so that Tennessee, the state of primary jurisdiction and where the misconduct occurred, could proceed with its disciplinary sanctions. Moreover, the Kentucky complaint was dismissed without prejudice.

Once Tennessee publicly censured Steele, Steele was automatically subject to reciprocal discipline in Kentucky pursuant to SCR 3.435(4) regardless of the fact that the Kentucky complaint had been dismissed.[3] Because Steele has not alleged a fraud or lack of jurisdiction in Tennessee, or that his misconduct warranted a different discipline in Kentucky, SCR 3.435(4) requires this Court to impose reciprocal discipline. Because Steele has been disciplined by the Board of Professional Responsibility of the Supreme Court of Tennessee, because Steele's actions are also governed by the Rules of Professional Conduct in this Commonwealth, and because Steele has not shown cause why he should not receive reciprocal discipline pursuant to SCR 3.435(4), this Court grants the KBA's motion and adopts the recommended discipline of a public reprimand.

Therefore, it is hereby ORDERED that:

---

2. This Court notes that per the amendments to the Supreme Court Rules effective July 15, 2009, the language of SCR 3.130–3.4(c) now states that a lawyer is prohibited from "knowingly disobey[ing] an obligation under the rules of a tribunal. . . ."

3. This Court also notes that the original complaint filed against Steele in Kentucky was styled as KBA File # 15464, whereas the current motion for reciprocal discipline is KBA File # 17465.

1. Pursuant to SCR 3.435(4), David R. Steele is publicly reprimanded for his violation of the Tennessee Rules of Professional Conduct and the Kentucky Rules of Professional Conduct.

2. Pursuant to SCR 3.450, David R. Steele is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 29, 2009.

/s/ John D. Minton Jr.
    Chief Justice